# Decisions of the Supreme Court of Missouri,

## ST. LOUIS DISTRICT, OCTOBER TERM, 1821.

(120)          TAYLOR *v.* M'KNIGHT.

A writ of error issued on 2d October, made returnable *to the next term*, which commenced on the 22d October, was to have been issued within twenty days next preceding the term, and was, therefore, dismissed.

### IN ERROR.

COOK, J., delivered the opinion of the Court.

In this case the defendant moved to dismiss the writ of error, because it issued within twenty days next preceding the term to which it was made returnable. The 14th section of the act of December, 1820, regulating proceedings of the Supreme Court, provides " that all writs, &c., shall be made returnable to the first day of the next term, unless applied for *within* twenty days next preceding the term, then the same shall be made returnable to the second term ensuing the date of the writ." This writ issued on the second day of October, returnable to the next term thereafter, which commenced on the twenty-second day of the same month. The peculiar phraseology of the section under consideration, leaves no room for construction; within twenty days next preceding the term, literally means after the commencement of the twentieth day next before the commencement of the term; in this case the writ is tested on the twentieth day preceding the commencement of the term to which it is made returnable, and is clearly " within twenty days next preceding" such term. But it is contended that although this writ may have issued within the twenty days, yet it should not be dismissed, but stand as returned to the next term. If such had been the intention of the Legislature, it would, no doubt, have been so (121) provided; and this Court might, with as much propriety, decide that a writ issued more than twenty days before the term, and made returnable to second term

after the date thereof, should have the effect of a return to the term next ensuing its date, as that this writ should be returned to the second term.   Parties have a right to cause writs to issue as they may think proper, and if issued illegally, it must be without effect.

The writ of error in this case must, therefore, be dismissed.